

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL

ATTORNEY GENERAL

January 29, 1976

The Honorable Wilson E. Speir
Director
Texas Department of Public Safety
5805 North Lamar Blvd.
Austin, Texas   78773

Opinion No. H-774

Re:  Whether article
6701h, section 5(b),
V.T.C.S., has altered
the confidential nature
of accident reports
filed by parties to the
accident.

Dear Colonel Speir:

You have requested our opinion concerning the confi-
dentiality and use of accident reports.  Section 47 of
article 6701d, V.T.C.S., provides in part:

> All accident reports made by persons
> involved in accidents, by garages, or
> peace officers shall be without prejudice
> to the individual so reporting and shall
> be privileged and for the confidential
> use of the Department or other State
> agencies having use for the records for
> accident prevention purposes. . . .

Section 5(b) of article 6701h, V.T.C.S., as amended by Acts
1975, 64th Leg., ch. 347, p. 931, provides in part:

> Before suspension of a license, registra-
> tion, or privilege, the Department must
> find that there is a reasonable probability
> of a judgment being rendered against the
> person as a result of the accident and the
> amount of security that must be deposited.
> For this purpose it may consider the report
> of the investigating officer, the accident
> reports of all parties involved, and any
> affidavits of persons having knowledge of
> the facts. . . .

You have asked whether article 6701h conflicts with article 6701d and whether accident reports may be used by the Department in making the determination provided in article 6701h. In addition, you ask whether reports would be admissible in an appeal from such a determination.

In our view any conflict between article 6701d, section 47 and article 6701h, section 5(b), as amended, is limited to the provision on the one hand that reports will be without prejudice and on the other hand that reports may be considered by the Department for license suspension purposes. In any case, the latter provision, which permits the use of reports for the Department's internal consideration in license suspension purposes would prevail in regard to reports filed after the effective date of the 1974 amendment. However, any use must preserve the confidentiality of the reports. Accordingly, in our opinion the Department of Public Safety may utilize accident reports in making the determination required by article 6701h, section 5(b), so long as the reports remain confidential.

In our view, the requirement of confidentiality found in section 47 of article 6701d would preclude the admissibility of such accident reports in appeals from the Department's determination unless the privilege is waived by the individual making the report. Patron v. Department of Public Safety, 358 S.W.2d 726 (Tex.Civ.App. -- San Antonio 1962, no writ); Attorney General Opinion V-1526 (1952); cf., Texas Liquor Control Board v. Luke, 340 S.W.2d 504 (Tex.Civ. App. -- Beaumont 1960, no writ); Texas Liquor Control Board v. Taylor, 338 S.W.2d 321 (Tex. Civ.App. -- Waco 1960, no writ); Liberty Mutual Insurance Co. v. Boggs, 66 S.W.2d 787 (Tex.Civ.App. -- Eastland 1933, writ dism'd).

## S U M M A R Y

The Department of Public Safety may
consider accident reports filed by
persons involved in accidents in making
the determination of whether there is

a reasonable probability of a judgment being rendered against a person as a result of the accident. The accident reports·would not be admissible in an appeal from the Department's determination.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb